**JS-6**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

THE UNITED STATES OF AMERICA *ex rel. Judith Zissa*,

Plaintiff,

vs.

SANTA BARBARA COUNTY ALCOHOL, DRUG AND MENTAL HEALTH SERVICES, *et al.*,

Defendants.

Case No.: CV 14-6891-DMG (AGRx)

**STIPULATED JUDGMENT [118]**

Plaintiff-Relator Judith Zissa ("Relator") brought this qui tam action, on behalf of real party in interest the United States of America, acting through the United States Department of Justice ("United States"), against Defendants Santa Barbara County ("County") and its Department of Behavioral Wellness, formerly known as the Department of Alcohol, Drug and Mental Health Services agency ("BWA") (collectively "Defendants") (collectively with Relator and United States, "Parties") for alleged violations of the federal False Claims Act ("FCA"), pursuant to 31 U.S.C. §§ 3729(a)(1), 3729(a)(2), and 3729(a)(7) (as amended before May 20, 2009) and 31 U.S.C. §§ 3729(a)(1)(A), 3729(a)(1)(B), and 3729(a)(1)(G) (May 20, 2009, as amended) ("FCA Claims"). Relator, who was employed by BWA from November 2012 to March 2014, also brought a wrongful termination claim against Defendants for terminating her allegedly because she notified BWA's management of the allegations of which Relator complains in this qui tam action, pursuant to 31 U.S.C. § 3730(h) ("Retaliation Claim").

THEREFORE, on the joint motion of Relator and Defendants, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

**I. FINDINGS**

A. This Court has jurisdiction over the subject matter and the parties pursuant to 31 U.S.C. § 3732.

B. Venue is proper in the Central District of California.

C. Defendants do not admit liability and expressly deny the allegations in the operative Second Amended Complaint, except that, for the purposes of this Judgment, Defendants admit the facts necessary to establish this Court's jurisdiction over them and the subject matter of this action.

D. Defendants have entered this Stipulated Judgment ("Judgment") freely and without coercion. Defendants further acknowledge that they have read the provisions of this Order and are prepared to abide by them.

E. Relator and Defendant hereby waive all rights to appeal or otherwise challenge or contest the validity of this Judgment, except that Relator reserves the right to seek an appropriate Relator's share of the FCA claim.

F. Entry of this Judgment is in the public interest.

## II. FINDINGS

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

A. Within 30 days of the entry of this Judgment, Defendants shall make settlement payments to the United States and Relator pursuant to a Settlement Agreement entered into by the Parties on the 11th of October, 2022.

B. The settlement payments shall fully satisfy the United States' FCA Claim, Relator's Retaliation Claim, and Relator's claim for recoverable attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d)(2) and 31 U.S.C. § 3730(h)(2). The Parties are released from liability to the extent provided in the Settlement Agreement. Pursuant to the Settlement Agreement entered into by the United States, Relator and Defendants on the 11th of October, 2022, Defendants shall pay the following settlement amounts:

    a. $21,400,000 to the United States no later than 30 days after the entry of this Judgment for the settlement of the FCA claims.

    b. $3,000,000 to Relator no later than 30 days after the entry of the Judgment for the settlement of the Retaliation Claim.

    c. $3,600,000 to Relator no later than 30 days after the entry of this Judgment for the settlement of Relator's recoverable attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d)(2) and 31 U.S.C. § 3730(h)(2).

## III. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purpose of enabling the Parties to apply to the Court at any time for such further orders and directives as may be necessary or appropriate for the interpretation or

modification of this Judgment, for the enforcement of compliance therewith, or for the award of an appropriate Relator's share.

**IV. COMPLETE SETTLEMENT**

The Parties, by their respective counsel, hereby consent to entry of the foregoing Judgment, which shall constitute a final judgment and order in this matter with respect to the Defendants. The parties further stipulate and agree that the entry of this foregoing Judgment shall constitute a full, complete, and final settlement of this action with respect to Defendants.

IT IS SO ORDERED.

DATED: October 21, 2022

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE